**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5584-18T1

JAMIE G. SMITH,

    Plaintiff-Appellant,

v.

U.S. BANK TRUST, N.A., as
Trustee for LSF9 Master
Participation Trust SPOC
Department,

    Defendant-Respondent.

_____

        Submitted September 30, 2020 – Decided  October 9, 2020

        Before Judges Fisher and Gilson.

        On appeal from the Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-3915-19.

        Jaime G. Smith, appellant pro se.

        Perkins Coie LLP, attorneys for respondent (Robert T.
        Yusko, on the brief).

PER CURIAM

In May 2019, plaintiff Jamie G. Smith commenced this action for damages against defendant U.S. Bank Trust, N.A., which had, in September 2017, obtained a foreclosure judgment on plaintiff's Newark residence. Defendant successfully moved for dismissal of this action on the ground that plaintiff's complaint was based on claims asserted and rejected in the foreclosure action.

Plaintiff appeals, arguing in a single point that the motion judge "failed to provide adequate findings of fact and [conclusions] of law" as required by Rule 1:7-4(a). To be exact, plaintiff has not argued that the judge's rationale for dismissal was inadequate; he argues only that he gave no rationale at all. The order under review states that the reasons for dismissing the action were placed "on the record on August 9, 2019," and plaintiff asserts that in ordering the transcript he was told that "nothing was place[d] on the record" on August 9, 2019. For that reason, and in reference to authorities that obligate judges to place their reasons for such orders on the record in some fashion, see, e.g., Curtis v. Finneran, 83 N.J. 563, 569-70 (1980); Shulas v. Estabrook, 385 N.J. Super. 91, 96 (App. Div. 2006), plaintiff argues that we should remand the matter so that a decision may be given by the motion judge.

In its responding brief, defendant refers us to a three-page August 9, 2019 transcript which, in fact, contains the judge's rationale for dismissing the case.

A-5584-18T1

The judge outlined the procedural history in the foreclosure action as well as in this case, briefly described plaintiff's contentions, concluded that those same factual arguments had been asserted during the foreclosure action, and that those arguments were therefore precluded from being asserted in this or any other action. Plaintiff filed no reply brief.

Because the judge gave a reason for his decision, contrary to what plaintiff now solely argues, we adjourned the disposition of this appeal from its original calendar date of June 2, 2020, and wrote to plaintiff to offer him an opportunity to file a supplemental brief addressing the merits of the motion judge's decision of which he seemed unaware. When plaintiff neither responded to our letter nor filed a supplemental brief, the appeal was relisted.

Because plaintiff's appeal is based only on the argument that the motion judge did not render a decision as required by the authorities cited above, we find insufficient merit in that argument to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3